# EXHIBIT A

Case 1:21-cv-01269-CAP   Document 1-1   Filed 03/29/21   Page 2 of 20

State Court of Fulton County
**E-FILED**
21EV000945
2/12/2021 4:58 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **FELICIA COFFEY-HICKS,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**CARTER VALIDUS MANAGEMENT, INC., CARTER VALIDUS REAL ESTATE MANAGEMENT SERVICES II, LLC, CARTER/VALIDUS OPERATING PARTNERSHIP, LP, CORPORATION XYZ AND JOHN DOES 1-3,**<br><br>**Defendants.** | CIVIL ACTION NO. _____ |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW **FELICIA COFFEY-HICKS,** (hereinafter "Plaintiff") and files this Complaint against Defendant CARTER VALIDUS MANAGEMENT, INC., CARTER VALIDUS REAL ESTATE MANAGEMENT SERVICES II, LLC, CARTER/VALIDUS OPERATING PARTNERSHIP, LP, CORPORATION XYZ and JOHN DOES 1-3  , (hereinafter "Defendants") and shows this Court as follows:

**JURISDICTIONAL STATEMENT**

1.

Plaintiff is a resident and citizen of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendants CARTER VALIDUS MANAGEMENT, INC., CARTER VALIDUS REAL ESTATE MANAGEMENT SERVICES, II, LLC, CARTER/VALIDUS OPERATING PARTNERSHIP, LP (collectively "Carter") are qualified to conduct business in the State of

Georgia and may be served through their registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

3.

Defendants CARTER VALIDUS MANAGEMENT, INC., CARTER VALIDUS REAL ESTATE MANAGEMENT SERVICES II, LLC., and CARTER/VALIDUS OPERATING PARTNERSHIP, LP, are subject to the jurisdiction of this Court.

4.

Venue is proper as to Defendants CARTER VALIDUS MANAGEMENT, INC., CARTER VALIDUS REAL ESTATE MANAGEMENT SERVICES II, LLC., and CARTER/VALIDUS OPERATING PARTNERSHIP, LP.

5.

Subject matter jurisdiction is proper in this Court as to Defendants CARTER VALIDUS MANAGEMENT, INC., CARTER VALIDUS REAL ESTATE MANAGEMENT SERVICES II, LLC., and CARTER/VALIDUS OPERATING PARTNERSHIP, LP.

6.

Defendants XYZ CORPORATIONS and JOHN DOES 1-3 are those entities and individuals whose identities are unknown to Plaintiff who were responsible in any manner for the ownership, operation, repair, and/or maintenance of the premises question. Defendants XYZ CORPORATIONS 1-3 are hereby named as Defendants to the extent that their conduct was wrongful, negligent, or otherwise tortious and led to or contributed to harm to CARTER VALIDUS BUILDING ATLANTA.

7.

Defendants XYZ Corporations 1-3 and John Does 1-3 are subject to the jurisdiction of this Court.

8.

Venue is proper in this Court as to Defendants XYZ Corporations and John Does 1-3.

9.

Subject matter jurisdiction is proper in this Court as to Defendants XYX Corporations and John Does 1-3.

### JOINT AND SEVERAL LIABILITY

10.

Defendants are jointly and severally liable for the acts and omissions alleged in this Complaint.

### FACTUAL STATEMENT

11.

This is a negligence action brought by Plaintiff to recover damages sustained as a result of Defendants' failure to keep the premises of the Carter Validus Building Atlanta, located at 250 Williams Street, NW, Atlanta, GA 30303 ("subject premises"), in a safe condition which ultimately caused Plaintiff to suffer personal injuries when a bathroom stall door fell on top of her at the subject premises.

12.

On or about May 30, 2019, Plaintiff was a business invitee at the subject premises which is owned, operated and/or managed by Defendants.

13.

At all times pertinent to this Complaint, Defendants expressly or impliedly induced or led Plaintiff to come upon said premises for a lawful purpose.

14.

At all times pertinent to this Complaint, Defendants controlled and maintained all areas of the subject premises and held it open to its invitees, including Plaintiff, who was an invitee at all times discussed herein.

15.

At all times pertinent to this Complaint, Defendants failed to properly maintain the women's bathroom stall doors located on the fifth floor and allowed the stall door to become in disrepair.

16.

The defected bathroom stall door was a hazardous condition for invitees who were on the subject premises including Plaintiff.

17.

Defendants had superior knowledge to that of its invitees regarding the static defect.

18.

As a result of the dangerous condition, the stall door fell on top of Plaintiff, which caused Plaintiff to suffer serious injuries.

19.

At all times pertinent to this Complaint, Plaintiff lacked knowledge that the bathroom stall door was in disrepair.

20.

At all times pertinent to this Complaint, Plaintiff was exercising ordinary care and diligence under the circumstances then existing.

21.

Plaintiff would not have had the bathroom stall door fall on top of her at Defendants' premises had Defendants properly maintained the premises which it made available for Plaintiff's use while she was a business invitee on Defendants' premises.

### COUNT ONE – NEGLIGENCE OF DEFENDANTS

22.

The subject incident was directly and proximately caused by the negligence of Defendants.

23.

At the time of the subject incident, Defendants owed Plaintiff a duty to exercise ordinary care.

24.

At the time of the subject incident, Defendants owed Plaintiff a duty to create and maintain premises that were safe for use by their invitees.

25.

At the time of the subject incident, Defendants failed to create and maintain premises that were safe for such use.

26.

Plaintiff would not have had the bathroom door fall on top of her on Defendants' premises had Defendants properly maintained the premises which it made available for Plaintiff's use while Plaintiff was a business invitee on Defendants' premises.

27.

The subject incident was directly and proximately caused by the negligence of Defendants.

28.

Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. *Williams v. GK Mahavir, Inc.*, 314 Ga. App. 758, 759–60, 726 S.E.2d 71, 74 (2012).

29.

Defendants, by and through their agents and employees, negligently operated the subject premises in a manner which permitted an unreasonably dangerous condition to exist on the subject premises, which is how Plaintiff was injured.

30.

At all times mentioned herein, Defendants, by and through their agents and employees, controlled and managed the subject premises, and Defendants had the legal duty to keep their premises and approaches safe, consistent with due regard of the safety of its invitees, including Plaintiff.

31.

Defendants, by and through their agents and employees, were negligent in failing to inspect, correct, remove, repair, or warn of the defective and hazardous conditions existing in its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

32.

Defendants by and through their agents and employees, knew, or by the exercise of due care for the safety of their invitees, including Plaintiff, should have known of the defective and

hazardous conditions existing in its premises and that the failure to inspect, correct, mark, remove or repair said conditions was likely to result in the precise injuries suffered by the Plaintiff.

33.

Although Defendants, by and through their agents and employees, knew or in the exercise of reasonable care should have known of the risks of injuries to its invitees from said defective and hazardous conditions existing in its premises, they negligently failed to take reasonable precautions to guard against the said conditions and failed to protect their invitees therefrom, including Plaintiff.

34.

Defendants, by and through their agents and employees, had actual knowledge of the defective and hazardous conditions existing in its premises through the direct knowledge of their employees and agents.

35.

Defendants, by and through their agents and employees, had constructive knowledge of the defective and hazardous conditions existing in its premises through the constructive knowledge of its agents and employees.

36.

Defendants, by and through their agents and employees, had actual and/or constructive knowledge of the defective and hazardous conditions on the property which was superior to the knowledge Plaintiff had of said conditions.

37.

Defendants, by and through their agents and employees, were familiar with the type of defective and hazardous conditions existing on the subject premises and had actual or constructive knowledge of the defective and hazardous condition.

38.

Defendants, by and through their agents and employees, were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

a)  In failing to properly inspect maintain and repair the premises;

b)  In knowingly allowing its invited guests to utilize an unsafe area of the premises;

c)  In failing to post warning signs or warning markings;

d)  In failing to properly train and supervise its employees at the facility in question in regard to the care of said premises; and

e)  Failure in retaining, entrusting, hiring, training and supervising said employees.

39.

Despite exercising ordinary care, Plaintiff was physically injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the subject incident.

40.

As a direct and proximate result of Defendants' negligence, Plaintiff was physically injured and has experienced physical and emotional pain and suffering.

41.

Plaintiff will in the future continue to have physical injuries and will experience physical and emotional pain and suffering as a direct and proximate result of the subject incident.

42.

Plaintiff will continue to need medical treatment in the future as a direct and proximate result of the subject incident.

43.

Plaintiff is entitled to an award of general damages from Defendants in an amount to be determined by the enlightened conscience of fair and impartial juror.

44.

Plaintiff is entitled to an award of special damages from Defendants to be established by specific proof at trial

45.

Plaintiff's injuries and damages resulting from the subject incident were directly and proximately caused by the negligence of Defendants.

46.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained lost wages.

47.

Defendants are jointly and severally liable to Plaintiff for past medical expenses that were incurred as a result of Defendants' negligence. To date, Plaintiff has incurred $87,745.69 medical expenses, at a minimum, from the following providers:

   a. Emory University Hospital -              $     835.58
   b. Caduceus -                               $  3,110.28
   c. Northside Conyers Imaging -              $ 12,110.50
   d. Northside Eagles Landing Imaging -       $  7.604.50
   e. Athens Orthopedic Clinic -               $ 29,927.00

| | | |
|---|---|---|
| f. | Athens Orthopedic Clinic Ambulatory Surgery Center - | $ 40,362.95 |
| g. | Peachtree Spine Physician | $ 0.00 |
| h. | OrthoAtlanta | $ TBD |
| i. | Pace Setter Services | $ TBD |
| j. | CVS Pharmacy | $1,399.38 |

48.

Defendants are jointly and severally liable to Plaintiff for future medical expenses that Plaintiff must incur as a result of Defendants' negligence.

49.

Defendants are jointly and severally liable to Plaintiff for past lost wages that Plaintiff must incur as a result of Defendants' negligence.

50.

Defendants are jointly and severally liable to Plaintiff for future lost wages that Plaintiff must incur as a result of Defendants' negligence.

51.

Defendants are jointly and severally liable to Plaintiff for past pain and suffering that Plaintiff must incur as a result of Defendants' negligence.

52.

Defendants are jointly and severally liable to Plaintiff for future pain and suffering that Plaintiff must incur as a result of Defendants' negligence.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

WHEREFORE, Plaintiff prays for the following relief:

(a) That Summons and a copy of this Complaint be served upon Defendants, as provided by law;

(b) That Plaintiff receive judgment against Defendants for the medical expenses, lost wages, and other special damages she has and continues to suffer as a result of the subject collision, in an amount to be set forth more specifically by way of amendment and/or at trial;

(c) That Plaintiff receive judgment against Defendants for the general damages she has and continues to suffer as a result of the subject collision, including but not limited to her physical pain, fright, shock, mental anguish, emotional distress, suffering, diminished earning capacity, and other general damages as the result of the subject collision;

(d) That Plaintiff receive judgment against Defendants for all other damages allowed under law;

(e) That all costs of this action be cast against Defendants;

(f) That Plaintiff receive a trial by a jury of twelve of the issues in this matter; and,

(g) That this honorable Court grants to Plaintiff such other and further relief as it may deem equitable or appropriate.

Respectfully submitted this 12 February 2021.

**LAMAR LAW OFFICE, LLC**

| | |
|---|---|
| P.O. Box 2558 | */s/ Anita M. Lamar* |
| Tucker, GA 30085 | Anita M. Lamar |
| | Georgia Bar No.: 892383 |
| Telephone: (678) 819-5200 | Counsel for Plaintiff |
| Facsimile: (678) 819-5276 | |
| Email: anita@atlantalegalcare.com | |

 

*/s/ Craig T. Jones*

CRAIG T. JONES
Ga. Bar No. 399476
Counsel for Plaintiff

CRAIG T. JONES, P.C.
Post Office 129
Washington, Georgia 30673
(706) 678-2364 (office)
(678) 643-0062 (cell)
craigthomasjones@outlook.com

Case 1:21-cv-01269-CAP   Document 1-1   Filed 03/29/21   Page 14 of 20

State Court of Fulton County
**E-FILED**
21EV000945
2/12/2021 4:58 PM
Christopher G. Scott, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☐ State Court of __FULTON_____ County

| **For Clerk Use Only** | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**
Coffey-Hicks, Felicia
Last        First        Middle I.    Suffix    Prefix

**Defendant(s)**
Carter Validus Management, Inc.
Last        First        Middle I.    Suffix    Prefix
Carter Validus Real Estate Management Services II, LLC.
Last        First        Middle I.    Suffix    Prefix
Carter/Validus Operating Partnership, LP
Last        First        Middle I.    Suffix    Prefix
Corporation XYZ and John Does 1 - 3
Last        First        Middle I.    Suffix    Prefix

**Plaintiff's Attorney** __Anita M. Lamar_____  **Bar Number** __892383_____  Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
    Case Number                   Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                  **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

Case 1:21-cv-01269-CAP   Document 1-1   Filed 03/29/21   Page 15 of 20

State Court of Fulton County
**E-FILED**
21EV000945
2/12/2021 4:58 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY                               DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY          CIVIL ACTION FILE #: _____
Civil Division

Felicia Coffey-Hicks
P.O. Box 2558
Tucker, Georgia 30085

Plaintiff's Name, Address, City, State, Zip Code

vs.

Carter Validus Management, Inc., et al.
By and through their Registered Agent
Corporation Service Company
40 Technology Parkway South, Ste. 300
Norcross, Georgia 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:   Carter Validus Management, Inc.

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Anita M. Lamar
Address: P.O. Box 2558
City, State, Zip Code: Tucker, Georgia 30085            Phone No.: 678-819-5200

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.    _____
                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Case 1:21-cv-01269-CAP   Document 1-1   Filed 03/29/21   Page 16 of 20

State Court of Fulton County
**E-FILED**
21EV000945
2/12/2021 4:58 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

Felicia Coffey-Hicks
P.O. Box 2558
Tucker, Georgia 30085

Plaintiff's Name, Address, City, State, Zip Code

vs.

Carter Validus Management, Inc., et al.
By and through their Registered Agent
Corporation Service Company
40 Technology Parkway South, Ste. 300
Norcross, Georgia 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:   Carter Validus Management, Inc.

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Anita M. Lamar
Address: P.O. Box 2558
City, State, Zip Code: Tucker, Georgia 30085     Phone No.: 678-819-5200

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.        _____
                                                                                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____
This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Case 1:21-cv-01269-CAP   Document 1-1   Filed 03/29/21   Page 17 of 20

State Court of Fulton County
**E-FILED**
21EV000945
2/12/2021 4:58 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**  DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**  CIVIL ACTION FILE #: _____
Civil Division

Felicia Coffey-Hicks
P.O. Box 2558
Tucker, Georgia 30085

Plaintiff's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

vs.

Carter Validus Management, Inc., et al.
By and through their Registered Agent
Corporation Service Company
40 Technology Parkway South, Ste. 300
Norcross, Georgia 30092

Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:   Carter Validus Real Estate Management Services II, LLC

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Anita M. Lamar
Address: P.O. Box 2558
City, State, Zip Code: Tucker, Georgia 30085   Phone No.: 678-819-5200

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.   _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Case 1:21-cv-01269-CAP   Document 1-1   Filed 03/29/21   Page 18 of 20

State Court of Fulton County
**E-FILED**
21EV000945
3/8/2021 2:04 PM
Christopher G. Scott, Clerk
Civil Division

21005409

CIVIL ACTION NO.: __21EV000945__

DATE FILED __February 12, 2021__

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Anita M. Lamar

LAMAR LAW OFFICE, LLC

P O Box 2558

Tucker, GA 30085

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

Carter Validus Management, Inc.,
By and through Its Registered Agent
Corporation Service Company
40 Technology Parkway South; Suite 300
Norcross, Georgia 30092

[ ] MAGISTRATE [ X ] STATE [ ] SUPERIOR COURT
FULTON COUNTY, GEORGIA

FELICIA COFFEY-HICKS,

PLAINTIFF(S)
VS.

CARTER VALIDUS MANAGEMENT, INC., et al

DEFENDANT(S)

GARNISHEE

Other attached documents to be served: Complaint for Damages and Summons;

## SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL** Upon the following named defendant: ____

[ ] **NOTORIOUS** Upon defendant ____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to ____ described as follows: approximate age ____ yrs; approximate weight ____ pounds; approximate height ____ feet and ____ inches, domiciled at residence of the defendant.

[X] **CORPORATION** Upon corporation _Carter Validus Management, Inc._
By serving ____, in charge of the office and place of business of the corporation in this county.
By serving _Alisha Smith_, its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

This _26_ day of _February_, 20_21_.

M.E. Diaz 50176

SHERIFF DOCKET ____ PAGE ____

TIME: ____, ___.M.

GWINNETT DEPUTY

Case 1:21-cv-01269-CAP Document 1-1 Filed 03/29/21 Page 19 of 20

State Court of Fulton County
**E-FILED**
21EV000945
3/8/2021 2:04 PM
Christopher G. Scott, Clerk
Civil Division

CIVIL ACTION NO.: 21EV000945

DATE FILED February 12, 2021

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Anita M. Lamar

LAMAR LAW OFFICE, LLC

P O Box 2558

Tucker, GA 30085

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

Carter/Validus Operating Partnership, LP
By and through Its Registered Agent
Corporation Service Company
40 Technology Parkway South; Suite 300
Norcross, Georgia 30092

[ ] MAGISTRATE [X] STATE [ ] SUPERIOR - COURT
FULTON COUNTY, GEORGIA

FELICIA COFFEY-HICKS,

PLAINTIFF(S)
VS.

CARTER VALIDUS MANAGEMENT, INC., et al

DEFENDANT(S)

GARNISHEE

Other attached documents to be served: Complaint for Damages and Summons;

### SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL** Upon the following named defendant: _____

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.
Delivered the same to _____
_____ yrs; approximate weight _____ pounds; approximate height _____ feet and _____ inches, described as follows: approximate age _____, domiciled at residence of the defendant.

[X] **CORPORATION** Upon corporation Carter/Validus Operating Partnership, LP
By serving _____, in charge of the office
and place of business of the corporation in this county.
By serving Alisha Smith _____, its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____
_____

This 26 day of February, 20 21

SHERIFF DOCKET _____ PAGE _____

TIME: _____, ___.M.

M.E. D192 501763

GWINNETT DEPUTY

Case 1:21-cv-01269-CAP   Document 1-1   Filed 03/29/21   Page 20 of 20

State Court of Fulton County
**E-FILED**
21EV000945
3/8/2021 2:04 PM
Christopher G. Scott, Clerk
Civil Division

CIVIL ACTION NO.: 21EV000945

DATE FILED: February 12, 2021

[ ] MAGISTRATE [X] STATE [ ] SUPERIOR - COURT
FULTON COUNTY, GEORGIA

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Anita M. Lamar
LAMAR LAW OFFICE, LLC
P O Box 2558
Tucker, GA 30085

FELICIA COFFEY-HICKS,

PLAINTIFF(S)
VS.

CARTER VALIDUS MANAGEMENT, INC., et al

DEFENDANT(S)

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

Carter/Validus Operating Partnership, LP
By and through Its Registered Agent
Corporation Service Company
40 Technology Parkway South; Suite 300
Norcross, Georgia 30092

GARNISHEE

Other attached documents to be served: Complaint for Damages and Summons;

## SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL** Upon the following named defendant: _____

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.
Delivered the same to _____
yrs; approximate weight _____ pounds; approximate height _____ feet and _____ inches, described as follows: approximate age _____ domiciled at residence of the defendant.

[X] **CORPORATION** Upon corporation Carter/Validus Operating Partnership, LP
By serving _____
and place of business of the corporation in this county. _____, in charge of the office
By serving Alisha Smith _____, its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

This 26 day of February, 2021

SHERIFF DOCKET _____ PAGE _____
TIME: _____ .M.

M.E. D192 501763

GWINNETT DEPUTY